UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORSAIR GAMING, INC.<br><br>Plaintiff,<br><br>v.<br><br>TRIPLENET PRICING INC.<br><br>Defendant. | Case No.: _____ |

## COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

Plaintiff Corsair Gaming, Inc. d/b/a CORSAIR ("Plaintiff" or "CORSAIR"), by and through its undersigned counsel, complains of Defendant TripleNet Pricing Inc.'s ("Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. CORSAIR seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's improper sale of CORSAIR Products, use of trademarks owned or used by CORSAIR, and unfair and deceptive business practices.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of CORSAIR Products through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise the CORSAIR Products it sells and delivers to consumers in the United States on the Internet via its own website, https://www.triplenetpricing.com/, as well as online commerce sites, including, but not limited to, Amazon.com, Walmart.com, eBay.com, and Newegg.com.

3. Specifically, CORSAIR has never authorized Defendant to resell its products. CORSAIR's manufacturer's warranty explicitly states that it is limited to products purchased "from an authorized Corsair reseller." Because Defendant is not an authorized reseller of CORSAIR's products, Defendant's CORSAIR Products are not—and cannot be—covered by the CORSAIR manufacturer's warranty. Despite this, Defendant falsely advertises its CORSAIR Products on its website, https://www.triplenetpricing.com/, by representing that all of its products are "fully guaranteed by the manufacturer." Moreover, Amazon.com's Terms and Conditions require that products advertised as "new" carry the manufacturer's warranty. Defendant falsely advertises the CORSAIR Products it offers for sale to consumers on Amazon.com as "new," when they are not.

4. Moreover, upon information and belief, Defendant is offering for sale "new" CORSAIR Products yet fulfilling orders to consumers with used, returned, liquidated, remanufactured, and/or refurbished products that have been purchased and sold once previously, and may be in damaged condition, and, therefore, are used and not "new" as Defendant advertises.

5. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and CORSAIR.

6. As a result of Defendant's actions, CORSAIR is suffering a loss of the enormous goodwill that CORSAIR has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's trademark infringement, false advertising, and unfair competition.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

8. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws c. 223A §3 because (a) Defendant has sold products into the Commonwealth and this District; (b) Defendant has caused tortious injury to CORSAIR's trademarks within the Commonwealth and this District; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendant regularly conducts or solicits business within the Commonwealth and this District; (e) Defendant regularly and systematically directs electronic activity into the Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendant enters into contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

9. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

**PARTIES**

10. Plaintiff Corsair Gaming, Inc. is a Delaware corporation with its principal place of business in Milpitas, California. CORSAIR designs, manufactures, and sells a variety of high-performance computer and gaming products in the United States under the "CORSAIR," "elgato," "ORIGIN PC," "SCUF," and "Drop" brand names (the "CORSAIR Products").

11. Upon information and belief, Defendant TripleNet Pricing Inc. is a Delaware corporation with its principal place of business located at 86 Albe Drive, Suite 1C, Newark, DE 19702. Defendant does business or has done business within the Commonwealth of Massachusetts via its own website, https://www.triplenetpricing.com/, as well as online commerce sites, including, but not limited to:

- Amazon.com, using seller names, including, but not limited to, "Triplenet Pricing INC" (Amazon Seller ID AAZRLVTNON75Z);
- Walmart.com, using seller names, including, but not limited to, "Triplenet Pricing";
- eBay.com, using seller names, including, but not limited to, "triplenetpricing"; and
- Newegg.com, using seller names, including, but not limited to, "TripleNetPricing."

Defendant is an unauthorized reseller of CORSAIR Products.

## FACTS

**A.     CORSAIR's Trademark Usage**

12. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with computer and gaming products (hereinafter, the "CORSAIR Marks"). The CORSAIR Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| **CORSAIR** | February 20, 2007 | 3,209,882 |

13. The CORSAIR Marks have been in continuous use since at least their respective dates of registration.

14. Said registrations are in full force and effect, and the CORSAIR Marks are incontestable pursuant to 15 U.S.C. § 1065.

4

15. CORSAIR advertises, distributes, and sells its products to consumers under the CORSAIR Marks.

16. CORSAIR has also acquired common law rights in the use of the CORSAIR Marks throughout the United States.

17. CORSAIR's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of CORSAIR's exclusive ownership of the CORSAIR Marks.

18. CORSAIR has invested significant time, money, and effort in advertising, promoting, and developing the CORSAIR Marks throughout the United States and the world. As a result of such actions, CORSAIR has established substantial goodwill and widespread recognition in its CORSAIR Marks, and those marks have become associated exclusively with CORSAIR and its products by both customers and potential customers, as well as the general public at large.

19. To create and maintain goodwill among its customers, CORSAIR has taken substantial steps to ensure that products bearing the CORSAIR Marks are of the highest quality. As a result, the CORSAIR Marks have become widely known and are recognized throughout the Commonwealth of Massachusetts, this District, the United States, and the world as symbols of high quality products.

20. As a result of, *inter alia*, the care and skill exercised by CORSAIR in the conduct of its business, the high quality of the goods sold under the CORSAIR Marks, and the extensive advertising, sale, and promotion by CORSAIR of its products, the CORSAIR Marks have acquired secondary meaning in the United States and the world, including this District.

21. CORSAIR is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the CORSAIR Marks.

B.  **CORSAIR Products**

22. CORSAIR is recognized throughout Massachusetts, the United States, and the world as a leading developer and manufacturer of high-performance computer and gaming products and accessories.

23. CORSAIR sells its products to consumers through a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

24. Only CORSAIR Products purchased from CORSAIR directly, or through an Authorized Internet Reseller, qualify for CORSAIR's warranty policy (the "CORSAIR Warranty").

25. For example, the CORSAIR Warranty states:[1]

> **Overview**
> - Corsair provides a warranty for its products, starting from the day of purchase <u>from an authorized Corsair reseller.</u>

---

[1] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.

> **PLEASE NOTE:**
>
> In the United States of America, the following Corsair products are only covered by Corsair's warranty if they are purchased from Corsair.com or a Corsair-authorized reseller:
>
> - DRAM
> - SSD
> - Gaming chairs
> - Headsets
> - Keyboards
> - Mice
> - Mouse pads
> - Peripheral accessories
> - Elgato-branded products
>
> Corsair's warranty will not be available if you purchase any of the above products from an unauthorized reseller.

**C.    Defendant's Infringing and Improper Conduct**

26.    CORSAIR has never authorized or otherwise granted Defendant permission to sell CORSAIR Products. Accordingly, Defendant is not authorized to sell CORSAIR Products.

27.    Despite this, Defendant has sold and is currently selling CORSAIR Products on various online commerce sites, including, but not limited to, its own website, https://www.triplenetpricing.com/, as well as Amazon.com, Walmart.com, eBay.com, and Newegg.com.

28.    Defendant offers for sale and sells CORSAIR Products on the Internet to consumers in the United States using the CORSAIR Marks.

29.    The CORSAIR Products that Defendant sells online are advertised as being in "new" condition designed and protected by the CORSAIR Warranty.

30.    However, Defendant falsely advertises the CORSAIR Products it sells on the Internet using the CORSAIR Marks.

31.    As a preliminary matter, Defendant falsely represents that its CORSAIR Products are protected by the CORSAIR Warranty.

32.     Pursuant to its terms, the CORSAIR Warranty is limited to products purchased "from an authorized Corsair reseller."[2]

33.     Because Defendant is not authorized to sell CORSAIR Products and is not an Authorized Reseller of CORSAIR Products, the CORSAIR Warranty excludes products sold by Defendant.  Thus, the CORSAIR Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the CORSAIR Warranty.

34.     Despite this, Defendant represents on its website, https://www.triplenetpricing.com/, that the CORSAIR Products it offers for sale on the InternE0074 "are fully guaranteed by the manufacturer (unless specifically stated otherwise[)]," that "[t]he complete warranty is included with the product," and that "[t]he manufacturer's warranty covers repair or replacement of defective parts."[3]

> Please note: All our products are fully guaranteed by the manufacturer (unless specifically stated otherwise
> The complete warranty is included with the product
> The manufacturer's warranty covers repair or replacement of defective parts, subject to the conditions set forth
> Return Procedures
> The product should be shipped back to us in a shipping box, with enough packing material to prevent damage during shipping.
>
> Contact us for more info at (302) 317-9464

35.     Defendant's advertisements and product listings for CORSAIR Products further create the false impression that the CORSAIR Products Defendant offers for sale and sells are protected by the CORSAIR Warranty:[4]

---

[2] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.

[3] *Available at*: https://www.triplenetpricing.com/shipping-returns.

[4] *Available at*: https://www.triplenetpricing.com/Corsair-CX-M-Series,-CX650M,-Modular-Power-Supply,-80-Plus-Bronze.



36. Similarly, Defendant falsely advertises CORSAIR Products on Amazon.com. Defendant represents that the CORSAIR Products it offers for sale and sells on Amazon.com are "new," yet Defendant is prohibited from selling "new" CORSAIR Products on Amazon.com pursuant to Amazon's announced Terms and Conditions.

37. Below is an example of Defendant's Amazon product listings advertising "new" CORSAIR Products to consumers in the United States:



38. Amazon's announced Terms and Conditions[5] require that "new" products carry the manufacturer's warranty:

---

[5] *Available at*: https://sellercentral.amazon.com/help/hub/reference/external/20339950.

9

> **General condition guidelines**
>
> The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:
>
> **New:**
>
> Just like it sounds. A brand-new item. <u>Original manufacturer's warranty, if any, still applies</u>, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

39.     Pursuant to its terms, the CORSAIR Warranty applies only to products purchased "from an authorized Corsair reseller."[6]

40.     Because Defendant is not authorized to sell CORSAIR Products, the CORSAIR Warranty excludes products sold by Defendant. The CORSAIR Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the CORSAIR Warranty.

41.     Because Defendant's CORSAIR Products are not covered by the CORSAIR Warranty, the CORSAIR Products actually sold and delivered to the purchasing consumers by Defendant via Amazon.com are not in "new" condition pursuant to Amazon's Terms and Conditions, as advertised.

42.     Additionally, and separately, many of Defendant's advertisements for CORSAIR Products on the Internet represent that the CORSAIR Products it offers for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are in "used," rather than "new" condition.

43.     Below is an example of Defendant's eBay.com product listings advertising "new" CORSAIR Products to consumers in the United States:

---

[6] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.



44. Upon information and belief, Defendant is offering for sale "new" CORSAIR Products on the Internet, but fulfilling the orders to consumers with previously sold CORSAIR Products that were later purchased by Defendant at liquidation. Such liquidated products have been purchased and sold once previously, are often used, returned, remanufactured, and/or refurbished products, and may be in damaged or altered condition, and, therefore, are used and not "new" as Defendant advertises.

45. Defendant intentionally advertises and sells CORSAIR Products in ways that are likely to deceive consumers and create consumer confusion. CORSAIR has contacted Defendant previously regarding its unauthorized sale of CORSAIR Products and Defendant's false advertising and other improper conduct.

46. Defendant's continued advertisement, display, and sale of CORSAIR Products on the Internet, including, but not limited to, its own website, https://www.triplenetpricing.com/, as well as Amazon.com, Walmart.com, eBay.com, and Newegg.com, has harmed, and continues to harm, CORSAIR and its relationships with consumers.

**D.     Likelihood of Confusion and Injury Caused by Defendant's Actions**

47.     Defendant's actions substantially harm CORSAIR by placing falsely advertised, unwarranted CORSAIR Products into the stream of commerce in the United States.

48.     Defendant's false advertisement and sale of "new" CORSAIR Products without the corresponding CORSAIR manufacturer's warranty is likely to cause—and has caused—consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products.

49.     Defendant's false advertising of used, liquidated, returned, remanufactured, and/or refurbished CORSAIR Products as "new" is likely to cause—and has caused—consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products.

50.     Defendant's actions substantially harm CORSAIR and consumers who ultimately purchase Defendant's falsely advertised CORSAIR Products believing them to be the same "new," warranted, high-quality CORSAIR Products that they would receive from CORSAIR or an Authorized Internet Reseller.  Defendant's actions cause consumers to not receive the product as he or she intended.

51.     Defendant's actions substantially harm CORSAIR's goodwill and reputation when consumers learn that the CORSAIR Products advertised as "new" and/or "fully guaranteed by the manufacturer" that they have purchased from Defendant are 1) not protected by the CORSAIR Warranty; and 2) used, refurbished, remanufactured, and/or liquidated CORSAIR Products.

52.     Defendant's conduct results in consumer confusion as well as the dilution of CORSAIR's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

53. The harm being caused by Defendant in this case is not theoretical. Specifically, consumers have complained about Defendant's business practice of utilizing false and misleading advertisements. For example:









54. Defendant's unauthorized sale of CORSAIR Products results in the lessening of sales of properly advertised CORSAIR products to the detriment of CORSAIR.

55. As a result of Defendant's actions, CORSAIR is suffering the loss of the enormous goodwill it created in the CORSAIR Marks.

56. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to CORSAIR's irreparable harm.

13

## COUNT I
**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

57. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

59. CORSAIR engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the CORSAIR Marks, throughout the United States.

60. The CORSAIR Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing CORSAIR products and services.

61. By selling or distributing products using the CORSAIR Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to CORSAIR and its goods and services in violation of 15 U.S.C. § 1125(a).

62. By advertising or promoting products using the CORSAIR Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

63. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

64. By selling and advertising products under the CORSAIR Marks as alleged herein, CORSAIR is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

65. As a direct and proximate result of Defendant's actions, CORSAIR has been, and continues to be, damaged by Defendant's activities and conduct, including but not limited to the loss of sales of properly advertised and new products. Defendant has profited thereby, and unless its conduct is enjoined, CORSAIR reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, CORSAIR is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

WHEREFORE, CORSAIR prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, Walmart.com, eBay.com, and Newegg.com, or any website, including, but not limited to, https://www.triplenetpricing.com/, website host, website administrator, domain registrar, or internet service provider, from:

    a. using, or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

    b. acquiring, or taking any steps to acquire, any CORSAIR Products;

    c. selling, or taking any steps to sell, any CORSAIR Products;

    d. engaging in any activity constituting unfair competition with CORSAIR; and

    e. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B. Award CORSAIR its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

D. Enter judgment that Defendant's acts of infringement have been knowing and willful;

E. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

F. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G. Award CORSAIR the costs incurred in bringing this action;

H. Award CORSAIR other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

CORSAIR hereby requests trial by jury on all claims so triable.

                                          Respectfully submitted,

                                          Plaintiff,

                                          Corsair Gaming, Inc. d/b/a CORSAIR,

                                          by its attorneys,

                                          */s/ Morgan T. Nickerson*
                                          Morgan T. Nickerson (BBO# 667290)
                                          morgan.nickerson@klgates.com
                                          K&L Gates LLP
                                          1 Congress Street
                                          Suite 2900
                                          Boston, MA 02114
                                          (617) 261-3100
                                          (617) 261-3175

Dated: August 23, 2023